UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Khalifa Derenkai,<br><br>    Plaintiff<br><br>v.<br><br>Pan Am International Flight Academy,<br><br>    Defendant | 2:15-cv-1099-JAD-CWH<br><br>**Order Denying Plaintiff's Motion for Leave to Amend Complaint**<br><br>[ECF No. 58] |

Khalifa Derenkai is a Muslim African-American man and a commercial airline pilot who has flown for foreign airlines overseas. Derenkai claims that, when he sought additional training at the Pan Am International Flight Academy in Las Vegas, Nevada, in March 2014, the facility's manager excluded him from the program because he had determined—based on Derenkai's religion, national origin, and race—that he was dangerous and could not be trusted.

Derenkai sues Pan Am for Title VII discrimination.[1] I dismissed his original complaint with leave to amend because Derenkai had not pled facts showing an employment-like relationship with Pan Am or that he had properly exhausted the EEOC process.[2] Although he added enough facts about the employment relationship in his first-amended complaint to cure that defect, I again dismissed his complaint—this time because it was based on events that occurred more than 300 days before Derenkai filed his EEOC claim.[3] I gave Derenkai one final opportunity to plead facts of discrimination within the 300-day window and move to amend.

In his proposed second-amended complaint, Derenkai adds two phone conferences in which Pan Am representatives defended the decision to exclude him. Although these phone conversations occurred within the 300-day window, they are not additional discrete incidents of discrimination that

---

[1] ECF No. 1.

[2] ECF No. 42 at 20–21 (transcript of 11/9/15 hearing on first motion to dismiss).

[3] ECF No. 57 at 17–18 (transcript of 3/7/16 hearing on second motion to dismiss).

give rise to a Title VII discrimination claim. After three rounds of briefing, it is clear to me that Derenkai's claim is based exclusively on acts that occurred more than 300 days before he filed his EEOC complaint, and it is time-barred. So I deny his motion to amend,[4] and I close this case.

## Discussion

A properly pleaded complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[5] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[6] "Factual allegations must be enough to rise above the speculative level."[7] "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." To survive a motion to dismiss, a complaint must "contain [] enough facts to state a claim to relief that is plausible on its face."[8]

Filing a timely charge of employment discrimination "is a prerequisite to having an actionable claim."[9] In *National Railroad Passenger Corp. v. Morgan*, the Supreme Court reiterated the rule that discriminatory acts occurring beyond the 300-day window preceding the filing of an EEOC charge are time-barred, and it considered whether continuing conduct can save an otherwise late claim.[10] Although the Court found that a hostile-work-environment claim "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice,'"[11] the same

---

[4] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

[5] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Twombly*, 550 U.S. at 555.

[8] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[9] *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002); *see also Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999).

[10] *Id.* at 111–115.

[11] *Id.* at 117.

could not be said for discrimination claims.[12]  "Each discrete discriminatory act starts a new clock for filing charges alleging that act."[13]  And, although an employee may use "prior acts as background evidence in support of a timely claim," he "can only file a charge to cover discrete acts that 'occurred' within the appropriate time period."[14]  The new acts must be "independently discriminatory."[15]  As the Supreme Court summarized in *Ledbetter v. Goodyear Tire & Rubber Co.*:

> A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination.  But of course, if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed.[16]

The thrust of Derenkai's proposed second amended complaint remains his exclusion from the Pan Am training program on March 28, 2014, more than 300 days before he filed his EEOC charge on February 16, 2015.[17]  To that, he has added an August 7, 2014, telephone conference in which Carolyn Parsons, a representative from the Utah Department of Workforce Services ("DWS," which provided financial assistance for Derenkai to obtain the Pan Am training) spoke to Pan Am manager Phil Spessard, who "confirmed the actions taken against" Derenkai and "that Pan Am would continue to refuse to provide the training to [him] that had been paid for."[18]  He also added a December 22, 2014, call in which Parsons spoke to Pan Am's Chief Operating Officer Gary Anderson, who "continued to argue over facts and circumstances surrounding Pan Am's actions

---

[12] *Id*. at 115.

[13] *Id*. at 113.

[14] *Id*. at 113–14.

[15] *Id*. at 113.

[16] *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628 (2007), overturned due to legislative action unrelated to the instant case (Jan. 29, 2009) (citing *Morgan*, 536 U.S. at 113).

[17] ECF No. 59-1 (proposed second-amended complaint); ECF No. 59-3 (EEOC charge of discrimination).  300 days before February 16, 2015, was April 22, 2014.

[18] ECF No. 59-1 at ¶¶ 108–110.

against Khalifa on March 28, 2014[,] and asserted that those actions were justified and implied that such actions would continue absent evidence presented to Pan Am that Khalifa was 'legal and legit.'"[19]

Although these newly-pled facts identify actions that occurred within the 300-day window, they are not independently discriminatory. They merely describe Pan Am's continued enforcement of its act of denying Derenkai the opportunity to participate in the training program. That act occurred on March 28, 2014, and it did not occur again in August or December simply because Pan Am defended it to the DWS representative. At most, the August and December conversations were just two times that the effects of the March 28th decision were felt; they were not fresh violations.[20]

Construed in the light most favorable to Derenkai, the only independently discriminatory act that he has alleged in his proposed second-amended complaint is his March 28, 2014, exclusion from Pan Am's training program, which is not actionable because it happened more than 300 days before Derenkai filed his EEOC charge. Amendment thus would be futile. Derenkai has had three chances to state a plausible claim and remains unable to do so. I therefore deny his motion to amend and dismiss this action with prejudice.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Khalifa Derenkai's Motion for Leave to Amend **[ECF No. 58] is DENIED. Because Derenkai has no plausible claim for relief, this case is dismissed with prejudice and the Clerk of Court is instructed to close this case.**

Dated this 26th day of October, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[19] *Id*. at ¶¶ 111–113.

[20] *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (holding that later effects of a time-barred discriminatory act are not actionable); *accord*, *Morgan*, 536 U.S. at 112–13 (discussing *Ricks*).